GEORGE P. ROSE AND ROSIE J. ROSE, APPELLANTS, v. CITY OF
LINCOLN, A MUNICIPAL CORPORATION, APPELLEE.
388 N.W.2d 127

Filed June 13, 1986.   No. 85-366.

Frank Meares, for appellants.

Dana W. Roper, Chief Assistant Lincoln City Attorney, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

George P. and Rosie J. Rose, as owners of real estate in Saunders County, filed an inverse condemnation proceeding against the City of Lincoln, that is, an action pursuant to Neb. Rev. Stat. § 76-705 (Reissue 1981), which provides:

> If any condemner shall have taken or damaged property for public use without instituting condemnation proceedings, the condemnee, in addition to any other available remedy, may file a petition with the county judge of the county where the property or some part thereof is situated to have the damages ascertained and determined.

The eminent domain proceeding related to a water main easement appropriated by the city across the edge of the tract owned by Roses, that is, an easement for the "right to maintain five foot of ground cover over [the city's] pipeline within the easement area."

After appraisers filed their damages award for $1,425 with the county judge, Roses appealed to the district court. See Neb. Rev. Stat. § 76-715 (Reissue 1981). Roses' appeal was tried de novo as required by Neb. Rev. Stat. § 76-717 (Cum. Supp. 1984). In its answer the city acknowledged appropriating or taking an easement involving Roses' land.

At trial, evidence established that the easement was a 35-foot strip at the edge of Roses' tract, bordering a state highway. The

area of the easement was 1.9 acres. Although there was a wide variance in opinions regarding damages sustained, each witness testifying on the issue of damages acknowledged that, as a result of the city's easement, there had been damage to Roses' real estate. Opinions from the city's witnesses placed damages between $1,425 and $1,900. The jury returned a verdict "for the defendant" and awarded no damages to Roses. Roses complain that the trial court erred in failing to grant a new trial in view of the jury's verdict.

The undisputed evidence establishes there was some damage as the result of the city's appropriation for an easement. The jury's verdict was, in effect, a finding that there was no damage whatsoever, notwithstanding the only evidence in the case, that there was damage to Roses' land as the result of the city's appropriating an easement.

Although we have held that a jury is not required to accept as absolute verity every statement of a witness not contradicted by direct evidence, see *K & R, Inc. v. Crete Storage Corp.*, 194 Neb. 138, 231 N.W.2d 110 (1975), nevertheless, in the present case, the only evidence before the jury was the undisputed fact of damage to Roses' real estate. Under the circumstances of this case, therefore, we feel that the jury's verdict should be set aside, since the verdict is

> so clearly against the weight and reasonableness of the evidence and is so disproportionate to the injury proved as to indicate that it was the result of passion, prejudice, mistake, or some other means not apparent in the record, or that the jury disregarded the evidence or rules of law.

*K & R, Inc. v. Crete Storage Corp., supra* at 143, 231 N.W.2d at 113. It becomes our duty to set aside the jury's verdict, which is clearly erroneous, since the verdict is against and clearly contrary to the total and only evidence on the question of damages. See *Mennonite Deaconess Home & Hosp. v. Gates Eng'g Co.*, 219 Neb. 303, 363 N.W.2d 155 (1985). Hence, the jury's verdict in this case is set aside.

Although not an error called to the attention of this court, undoubtedly due to the parties' stipulation admitted as an exhibit without objection, the entire transcript of proceedings regarding the appraisers' award was introduced into evidence.

In a de novo trial in district court to determine a landowner's damages caused by eminent domain, evidence of the damages assessed by the appraisers is not substantive evidence in the district court trial. See, *Papke v. City of Omaha*, 152 Neb. 491, 41 N.W.2d 751 (1950); *Pierce v. Platte Valley Public Power and Irrigation District*, 143 Neb. 898, 11 N.W.2d 813 (1943); *Langdon v. Loup River Public Power District*, 142 Neb. 859, 8 N.W.2d 201 (1943). On retrial, the appraisers' award should not be placed before the jury as substantive evidence on the question of damages sustained as the result of the city's acquisition of an easement for its water main.

The judgment of the district court is reversed, and this matter is remanded to the district court for a new trial. Therefore, it is not necessary that we discuss Roses' other assignments of error.

REVERSED AND REMANDED FOR A NEW TRIAL.